**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID WALLER, #28149-039

      Petitioner,

                                                Civil No: 08-CV-15240
                                                Honorable Denise Page Hood
                                                Magistrate Judge Mona K. Majzoub

v.

C. ZYCH,

      Respondent.
_____/

**OPINION & ORDER GRANTING RESPONDENT'S**
**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE & GRANTING**
**RESPONDENT'S MOTION TO DISMISS HABEAS PETITION**

    Petitioner, David Waller, is a federal prisoner who is presently confined at the Federal Correctional Institution (FCI), Milan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the expungement of an incident report (#1633319) and the reversal of all sanctions that were imposed upon Petitioner as a result of being found guilty of the disciplined offense, specifically the restoration of lost good conduct time. Pending before the Court are Respondent's "Motion for Extension of Time to File Response" and Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" where it is claimed that the habeas petition is moot as there is no longer any case or controversy between the parties. Petitioner has not filed any responsive pleadings. For the reasons set forth below, the Court will grant both of Respondent's motions.

## I. BACKGROUND

On August 17, 2007, Correctional Officer T. Rauscher conducted a search of Petitioner's living area which he shared with four other inmates[1]. Correctional Officer T. Rauscher "discovered a hole beneath bunk 58 which was occupied by Inmate Flannagan in which she found two plastic baggies, one containing a cell phone, and other containing a charger." (Pet. at 4). An incident report was put in Petitioner's file. Petitioner was charged with "conduct which disrupts most like possession, manufacture, or introduction of a hazardous tool." (Pet. attach., DHO Report). On September 6, 2007, F.A. Bierschbach conducted a disciplinary hearing. Petitioner claimed that he had no knowledge about the presence of the cell phone or the charger, as he just moved into the room on August 15, 2007, two days before Correctional Officer T. Rauscher conducted the search. Petitioner was found to have committed the prohibited act of possessing a hazardous tool and was sanctioned as follows:

> Disallow 40 Days GCT
> Forfeit 270 Days NVGCT
> Disciplinary Seg. 60 Days, effective 9-6-07 thru 11-4-07
> Loss of Visits, 1 year, effective 9-6-07 thru 9-5-08
> Loss of Phone, 2 years, effective 9-6-07 thru 9-5-09
> Recommend Disciplinary Transfer

(Pet. attach., DHO Report, pg. 2).

Petitioner sought an appeal through the Federal Bureau of Prisons Administrative Remedy Appeal process. Petitioner's Regional Administrative Remedy Appeal was denied finding in part:

> We have reviewed your appeal. The DHO considered all evidence presented at the

---

[1] Jay Crawford (Reg. #09098-073), Delbert George Grant (Reg. # 04163-063), Boyd Flannagan (Reg. #05210-090), and Derek James Tanberg (Reg. #12316-041).

> hearing and the information contained within the Incident Report. Although you claim the cellular telephone was not found under your bed, and that another inmate provided a confession, we find you have been appropriately charged. The sanctions imposed by the DHO are within the guidance of policy and are commensurate with this finding. You were provided due process in accordance with Program Statement 5270.07, Inmate Discipline and Special Housing Units.

(Pet. attach., Reg. Admin. Rem. App., dated 10/23/07).

Petitioner then sought an appeal to the Office of General Counsel where his appeal was also denied, finding in part:

> Program Statement 5270.07 provides that inmates are responsible to keep their area free of contraband. Inmates are held responsible, therefore, for any contraband located in their assigned area. The contraband which is the subject of this incident report was located in an area to which you were assigned. Accordingly, it is appropriate to support the charges as stated.
>
> Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed. Each of your Due Process rights were upheld during the discipline process. The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

(Pet. attach., Nat. Inmate App. Resp., dated 2/7/08).

Subsequent to the filing of the habeas petition before the Court, Petitioner's case was reviewed again by the Bureau of Prisons regional counsel, and Petitioner was granted a new hearing on April 1, 2009 before a new disciplinary hearing officer (DHO), Belinda Auterson. DHO Auterson expunged Petitioner's incident "report based on the greater weight of the evidence" and reversed the imposed sanctions. (Resp. Mot. to Dismiss, Ex. 1 & 2, dated 4/21/09). DHO Auterson further declared in an affidavit in part:

> 3. I was informed that inmate David Waller, Federal register number 28149-039, filed the above-captioned habeas petition regarding discipline which was imposed on him in 2007. Specifically, the petitioner is challenging discipline which was imposed upon him for Conduct which Disrupts Most Like Possession, Manufacture, or Introduction of a Hazardous Tool, Code 199 most like Code 108.

3

> 4. The date of incident at issue was August 17, 2007. The DHO who served for petitioner's disciplinary hearing has since retired from the federal government. Therefore, I was asked to review the disciplinary action to assist the government attorney in preparation of a response to the petition.
>
> 5. Thus, on April, 1, 2009, I conducted a re-hearing of the Incident Report submitted against the petitioner for Conduct which Disrupts Most Like Possession, Manufacture, or Introduction of a Hazardous Tool, Code 199 most like Code 108. During the hearing, the petitioner provided a statement and I reviewed documentary evidence. Bureau of Prisons records show that I was neither the reporting officer nor the investigating officer. I reviewed the materials in an impartial manner.
>
> 6. Following the presentation of evidence, I concluded based upon the greater weight of the evidence that no prohibited act was committed. **Thus, the disciplinary action was expunged, as well as the sanctions previously imposed.**

(Resp. Mot. to Dismiss, Ex. 2, dated 4/21/09) (emphasis added).

## II. DISCUSSION

### A. Motion for Extension of Time

Respondent was ordered to respond to Petitioner's habeas petition by April 17, 2009 [Dkt. #2]. Respondent requested a thirty (30) day extension (or until May 17, 2009) because Petitioner was granted a new disciplinary hearing which could result in "reducing or even vacating the sanctions imposed" upon Petitioner. Respondent argues that such an outcome could moot the habeas petition presently before the Court and negate the need for any further proceedings in this matter. On April 27, 2009, well before the expiration of the thirty (30) day extension requested, Petitioner filed its "Motion to Dismiss Petition for Writ of Habeas Corpus" where it is claimed that the disciplinary hearing resulted in Petitioner's favor and, therefore, the habeas petition is now moot. Although, Respondent filed its responsive pleading before the Court ruled upon its request to do so after the deadline initially ordered, it is important for the record and the docket to reflect that the Court grants

Respondent's motion and will review for consideration its responsive pleading even though it was filed beyond the originally ordered response date.

**B.  Motion to Dismiss Habeas Petition**

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Petitioner's request for relief is as follows:

1) restore Petitioner's sanctions that were lost due to this incident;
2) expunge the incident report as written;
3) reinstate disallowed GCT time of 40 days;
4) reinstate forfeited 270 NVGCT.

(Pet. at 7).  Since the incident report and sanctions have been expunged and his good conduct time has been restored,  there no longer exists a case or controversy in this matter, as Petitioner has received the relief he was seeking. Petitioner no longer suffers from an actual injury that the Court would redress with a favorable decision. Therefore, the habeas petition is dismissed as moot

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent's "Motion for Extension of time to File Response" [Dkt. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" [Dkt. #5] is **GRANTED** and Petitioner's habeas petition is **DISMISSED** as **MOOT.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel and David Waller, Reg. No. 28149-039, Milan Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 of record on July 31, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager